Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 2446 | DATE | 2/6/2001 |
| CASE TITLE | C.M., a minor vs. Chicago Public School No. 229 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, defendant's motion for summary judgment (5-1) is granted in part and denied in part. Plaintiff's motion for summary judgment (4-1) is granted in part and denied in part. Judgment is entered for the plaintiffs in the amount of $11,491.00. The Court will address plaintiff's request for attorney's fees for the prosecution of this action in the manner prescribed by Local Rule 54.3 |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 07 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | JD | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 01 FEB -6 PM 6:00 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

C.M., a Minor, and )
O.M. Individually and as Parent and )
Next Friend of C.M., )
 )
      Plaintiff, )
 )
 )
v. ) Case No.    00 C 2446
 )
 )
CHICAGO PUBLIC SCHOOL )
DISTRICT NO. 229 BOARD OF )
EDUCATION, )
 )
      Defendant. )

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

C.M. and O.M., C.M.'s parent, have brought suit seeking to recover attorney's fees in connection with their successful Illinois administrative proceeding under the federal Individuals with Disabilities Education Act (IDEA). The plaintiffs have moved for summary judgment, seeking $14,018.00, plus additional fees and costs for the prosecution of this action. The defendant School Board[1] asserts in its motion for summary judgment that no attorney's fees are available because a legal assistant performed all of the legal work. The Board also challenges the plaintiffs' attorney's hourly rates as unreasonable and asserts that plaintiffs are claiming time that is excessive and

---

[1] The parties' motions both refer alternatively to District No. 299 and 229. This Court's docket reflects the caption in both the plaintiff's complaint and the defendant's answer, but for purposes of convenience we will refer to the Board.

1

unreasonable. We find that the legal assistant's time is properly compensable, but that some of the time the plaintiffs have claimed is excessive. We also reduce slightly the hourly rate claimed for the legal assistant but not that of the attorney.

## FACTS

C.M. is learning disabled and suffers from emotional behavior disorder and impairments relating to language and speech. Since 1988, C.M. has received special education and related services, such as placement in private day school. When one such school indicated in April, 1999 that it would no longer accept students from the Chicago Public Schools, O.M. sought an impartial due process hearing to resolve a dispute with the Board. Eventually, an impartial hearing officer at the Illinois State Board of Education ordered that C.M. be "placed immediately" at the day school. The dispute apparently involved the payment of transportation expenses, which the hearing officer ordered would be at the Board's expense. In addition, the hearing officer directed that C.M. be provided with 80 hours of tutoring at the District's expense. In short, the plaintiffs met with total success in the state proceeding. The Board does not dispute that the plaintiffs are prevailing parties.

The parties agree on the following facts. O.M. and C.M. retained Michael O'Connor and Sara Mauk to represent them at the hearing. O'Connor is an attorney and Mauk is a legal assistant or paralegal, terms that are synonymous for purposes of this case. Both Mauk and O'Connor appeared at a pre-hearing conference relating to the Board's objection to certain witnesses. Mauk appeared by herself on behalf of the plaintiffs at another pre-hearing conference and at the hearing, where she delivered opening and closing statements, examined plaintiffs' witnesses, and cross-examined defendant's witnesses. The hearing officer's opinion summarizes her findings and states that "Sara Mauk, Parent Advocate, of the Law Offices of Michael O'Connor," represented C.M.

After the hearing, Mauk sent several letters to the Board that addressed the implementation of the hearing officer's order. At no time did the Board object to Mauk's presence or role.

The Board seeks to show that Mauk operated independently, even suggesting that she engaged in the unauthorized practice of law. It points out that all work product it received from the plaintiffs' was signed or faxed by Mauk, that O'Connor occasionally took telephone messages for Mauk when called about the case, that O'Connor was never copied on any correspondence, that Mauk represented herself as a "Parent Advocate" and "Educational Consultant," and that the Board's attorneys rarely (or never) interacted directly with O'Connor. The Board asserts that Mauk performed all of the substantive legal work in the case.

The plaintiffs assert that O'Connor "supervised and directed his legal assistant in all phases of this administrative proceeding." Such supervision included directing discovery efforts, analyzing and selecting apposite case law, reviewing opening and closing statements, and overseeing compliance with the hearing officer's decision. The plaintiffs do not, however, dispute the fact that Mauk appeared at the due process hearing by herself.

The claimed attorney's fees amount to $14,018.00. O'Connor seeks $230 per hour for 31.6 hours ($7,268). Mauk seeks $100 per hour for 66.85 hours ($6,685). Costs relating to faxing and photocopying documents amount to $65.

## LEGAL STANDARD

As the prevailing party, O.M. is entitled to recover reasonable attorney's fees. *See Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782 (1989); 20 U.S.C. § 1415(i)(3)(B). District courts have wide discretion in determining the appropriate amount of

attorneys' fees and costs. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999).[2] This Court will rely upon the lodestar method of calculation, where "a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The burden of showing reasonableness is on the fee applicant, *id.* at 437, who must submit sufficient documentation to show that an appropriate amount of time was spent at an appropriate hourly rate. *Tomazzoli v. Sheedy*, 804 F.2d 93, 96 (7th Cir. 1986).

Attorney's fees are calculated at the prevailing market rate. Under the IDEA, fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). The "relevant market value is not the price that the particular lawyer chosen may be paid by willing purchasers of his or her services, but rather the price that is customarily paid in the community for services like those involved in the case at hand." *Beard v. Teska*, 31 F.3d 942, 956 (10th Cir. 1994) (Shadur, J., sitting by designation). *See also T.H. v. Board of Education*, 55 F. Supp. 2d 830, 847 (N.D. Ill. 1999), *aff'd sub nom. Board of Education of Oak Park and River Forest High School District No. 200 v. Kelly E.*, 207 F.3d 931 (7th Cir. 2000), *cert. denied*, 121 S.Ct. 70, 148 L.Ed.2d 34 (2000). The best evidence of the prevailing market rate for attorney's fees is survey information regarding the hourly rates for attorneys with similar experience practicing similar law in the relevant community. For example, the court in *Bailey v. District of Columbia*, 839 F. Supp 888 (D. D.C. 1993), surveyed seven special education attorneys with levels of experience ranging from two to 21 years to find hourly rates of $150 to $230.

---

[2] The Supreme Court has stated that the same general standards will apply to the various attorney's fees statutes. *Hensley v. Eckerhart*, 461 U.S. 424, 433 & n.7 (1983); *Munson v. Milwaukee Board of School Directors*, 969 F.2d 266, 272 & n.2 (7th Cir. 1992). We will cite to non-IDEA decisions where appropriate.

Accordingly, the court found reasonable the request of an applicant with 30 years' experience for $200 per hour. *Id.* at 890-91. This Court may reduce the award of attorney's fees if we find that the claimed hourly rate unreasonably exceeds the "hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience," § 1415(i)(3)(F)(ii), or if the "time spent and legal services furnished were excessive considering the nature of the action or proceeding." § 1415(i)(3)(F)(iii). *See, e.g., Gera v. Paramount Unified School District*, 97-56290, 1999 U.S. App. LEXIS 5416 at *2-4 (9th Cir. 1999) (affirming a district court that reduced attorney's fees in an IDEA appeal because the time spent (200 hours) and hourly rate ($200) claimed were excessive and unreasonable).

Attorney's fees may be recovered for the work of a non-attorney. The Supreme Court has held that the statutory use of the term 'reasonable attorney's fees' "cannot have been meant to compensate only work performed personally by members of the bar." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). Paralegals, legal assistants, and law clerks are routinely compensated at their prevailing market rates. However, this Court will reduce or disallow billing where it is apparent that a legal professional is performing work below his or her qualifications in an attempt to have that work compensated at higher rates than are appropriate. *See Spegon*, 175 F.3d at 553 (noting that a district court should "disallow [paralegal] time spent on what are essentially 'clerical' or secretarial tasks"). In *People Who Care v. Rockford Board of Education*, 90 F.3d 1307 (7th Cir. 1996), the Seventh Circuit held that the "only inquiry for requested paralegal fees should be whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder." *Id.* at 1315.

## DISCUSSION

The Board raises two arguments. First, it claims that attorney's fees are not available in this case because Mauk, a non-attorney, performed all of the substantive legal work. Second, it claims that the hourly rate and hours claimed by plaintiffs are excessive and unreasonable. We address these arguments in turn.

### 1. Legal Assistant's Work

A threshold issue in this case is whether attorney's fees are appropriate for a legal assistant who, while supervised by an attorney, performed the majority of legal work in a state proceeding under the IDEA. The question presented is not, as articulated by the Board, "whether attorney's fees can be recovered on a case handled completely by a non-attorney under the IDEA." Defendant's Motion for Summary Judgment ¶ 4. That question has been answered in the negative in a number of cases, but it is irrelevant here. *See Arons v. New Jersey State Board of Education*, 842 F.2d 58, 62 (3d Cir. 1989); *Connors v. Mills*, 34 F. Supp. 2d 795, 808 (N.D. N.Y. 1998). The situation here is distinct from the facts in those cases, in that Mauk worked under the supervision and with the assistance of O'Connor, a licensed attorney. Instead of faulting O'Connor for delegating work to his legal assistant, we are inclined to view such practices as efficient, economical, and in accord with prior case law. *See Hensley*, 491 U.S. at 288 (citing *Cameo Convalescent Center, Inc. v. Senn*, 738 F.2d 836, 846 (7th Cir. 1984) (instructing the district court on remand to allow "reasonable law clerk and paralegal fees" given that such a policy "encourages cost-effective delivery of legal services" and furthers the statutory purpose)).

The Board's attempt to claim that Mauk handled this case by herself is belied by the detailed and voluminous billing records produced by the plaintiffs. Those records reveal that O'Connor

6

consulted with Mauk about O.M.'s case on a regular basis throughout the approximately four months that his law firm represented the plaintiffs. From July 19 through November 20, 1999, hardly a week passed without O'Connor's supervisory participation in the case. *See* Plaintiff's Motion for Summary Judgment, Ex. D, pp. 3-15. The Board's assertions that its attorneys rarely dealt with O'Connor, while undisputed, are insufficient to show that O'Connor acted in a capacity so minimal that attorney's fees should be denied.

We do not view with favor the Board's argument that Mauk engaged in the unauthorized practice of law. That objection, if the Board wished to make it, should have been raised during the administrative hearings. The fact that the Board makes such an objection here without having raised it before suggests that the argument is not a serious one.

The Board asserts, without citation, that O'Connor, "as plaintiffs alleged attorney, must be the representative present at all due process proceedings." Defendant's Response Brief, p. 11. This argument fails, as both Illinois and Federal law allow non-attorneys to represent disabled children and their parents. ILL. ADMIN. CODE tit. 23, § 226.625(a) (2000) ("The parties have the right to be represented at their own expense by counsel, or to be represented and assisted by other persons having special knowledge of this Part."); 20 U.S.C. § 1415(h)(1) (providing that parents "shall be accorded the right to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities").

## 2. Hourly Rates

The Board asserts that the hourly rates claimed by Mauk and O'Connor are excessive and unreasonable. Mauk is seeking $75 per hour in a related case before this Court, *O.B. v. Chicago Public Schools*, 00 C 1315, which concerns state proceedings that took place contemporaneously

with those in this case. Defendant's Statement of Facts ¶ 34. Plaintiffs claim that $75 per hour is appropriate only in that case, as Mauk performed "relatively less complex" legal work, but the Seventh Circuit has advised that it is "improper to focus on whether the work at issue was at the upper or lower range of complexity for *paralegal-type work.*" *People Who Care*, 90 F.3d at 1315 (emphasis in original). Accordingly, we will not accept an argument that Mauk is entitled to a higher billing rate for "upper-range" work. However, the touchstone must be the prevailing market rate as demonstrated by survey information. *Beard*, 31 F.3d at 956 ("relevant market value is not the price that the particular lawyer chosen may be paid by willing purchasers of his or her services, but rather the price that is customarily paid in the community for services like those involved in the case at hand."). Given that the statute requires that fees "shall be based on rates prevailing in the community," § 1415(i)(3)(C), Mauk's claim in the other case is only relevant as evidence of the prevailing market rate for legal assistants of her experience and skill.

Though the Board has produced no evidence of the prevailing rate for legal assistants, the burden of showing reasonableness is the plaintiffs' burden. *Hensley*, 461 U.S. at 437. The plaintiffs appropriately offer an affidavit of Attorney Matthew D. Cohen, who states that his law firm charges $90 per hour for an experienced legal assistant. Plaintiff's Exhibit H. Other affidavits submitted by the plaintiffs attest to the reasonableness of the $100 rate, but they provide no specific billing rates so they are of little use in determining the prevailing market rate. In *Patrick G. v. City of Chicago School District 299*, 69 F.3d 540 (7th Cir. 1995), *aff'g* No. 94 C 3417, 1994 U.S. Dist. LEXIS 18156 (N.D. Ill. 1994), the Seventh Circuit adopted Judge Kocoras' opinion that awarded $75 per hour for work performed by a law student, *id.* at *12, suggesting that a legal assistant with 10 years experience should be billed at a higher rate. Accordingly, given the evidence that special

8

education legal assistants in Chicago bill at $75 to 90 per hour, we find that $80 per hour is a reasonable rate for Mauk's work on this case.

The Board argues that O'Connor's claimed hourly rate of $230 is excessive. Attorney Cohen's affidavit reflects that experienced attorneys in Chicago bill at $240 per hour for IDEA cases. The Board claims that Mr. Cohen's rate is not controlling, given that he has extensive experience in the special education field, while Mr. O'Connor has been practicing in the special education field for only two years. The Court disagrees. Restricting our analysis of attorneys' qualifications to narrow areas of the law would ignore the fact that the accumulated knowledge and skill of a lawyer with Mr. O'Connor's experience is readily applicable in newly developing areas of the law, such as the IDEA. The statute requires attorney's fees to be reduced if the claimed rate "unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience," 20 U.S.C. § 1415(i)(3)(F)(ii), but we cannot say that Mr. O'Connor's skill, reputation, and experience are not comparable with Mr. Cohen's qualifications, which include 20 years of litigation experience in the field of special education. Mr. O'Connor graduated from law school in 1970, worked in federally funded legal services for 20 years, founded a legal center that obtained Supplemental Security Income benefits for more than 1,000 disabled foster children, and has been lead attorney in more than 30 class action and appellate cases. It appears from this Court's review of the record that he has substantial experience in administrative proceedings, state courts, and federal courts. Five years ago, another judge of this Court awarded $170 per hour to an attorney in an IDEA case who had 6 years of experience. *Cynthia K. v. Board of Education of Lincoln-Way*, No. 95 C 7172, 1996 WL 164381, *2 (N.D. Ill. 1996). *See also Patrick G. v. City of Chicago School District 299*, 69 F.3d 540 (7th Cir. 1995), *aff'g* No. 94 C 3417,

9

1994 U.S. Dist. LEXIS 18156 at *5 (N.D. Ill. 1994) ($175 per hour - years of experience unstated), *Das v. McHenry School District*, No. 92 C 4097, 1996 WL 556741, *11 (N.D. Ill. 1996) ($175 per hour - years of experience not stated). We are persuaded by the evidence presented by the plaintiffs. The Cohen affidavit shows that an attorney with 20 years experience bills at $240 per hour for representing students and their parents at due process hearings. The Board has not introduced any evidence of its own; it has chosen to dispute O'Connor's qualifications without reference to the prevailing market rate. This was a mistake on the Board's part. The Court finds that plaintiff's claimed hourly rate of $230 per hour is reasonable.

### 3. Hours Claimed

The Board objects to specific billed hours as excessive and unreasonable. For clarity, we deal with these objections in table format. Discrepancies between the Board's calculations and plaintiffs' are accounted for by the fact that the Board has counted hours for which plaintiffs have not requested compensation, such as time for discussions between Mauk and O'Connor, where only O'Connor's time has been claimed.

| Board's Objection | Plaintiff's Response | Disposition |
|---|---|---|
| 12 hours before initial pre-hearing conference. | 10.3 hours: Client intake, document collection, preliminary legal research, client contact, witness contact and preparation. | Disallow 2 Mauk hours: 4 hours for a pre-hearing conference was excessive. 8.3 hours allowed. |
| 1.5 hours for notifying the Board that extra pages had been sent. | 0.5 hours: Drafting letter, with 1 hour for O'Connor & Mauk discussion of general issues. | 1.5 hours allowed. |

| | | |
|---|---|---|
| 1.8 hours for requesting C.M.'s records. | 1.3 hours: discussion, drafting, reviewing, faxing, and mailing letter. | 1.3 hours allowed. |
| 30 hours for due process hearing preparation. | 30 hours: screening 23 witnesses, preparing 8 testifying witnesses, reviewing 49 documents, introducing 37 documents, reviewing case law, state regulations, and school policies. | Disallow 9 Mauk hours: excessive hours include 2 hours for letter to school, 3 hours for preparing documents, 4 hours legal research, 3 hours to reorganize files, 3 hours to prepare notes, 3.5 hours to conference with parent. These hours are excessive either because Mauk claimed time that was administrative, or because time spent seems unreasonably long. 21 hours allowed. |
| 5 hours to prepare response brief. | 4.5 hours: drafting response and participating in argument. | 4.5 hours allowed. |
| 6.75 hours for "parent relief" statement. | 6.75 hours: researching and drafting memo to assist hearing officer in framing appropriate relief. | Disallow 1 Mauk hour and 1 O'Connor hour: 6.75 hours to draft a two-page letter is excessive. 4.75 hours allowed. |
| 17 hours for "unnecessary" post-hearing implementation. | 17 hours: plaintiff claims that this was "critical to the ultimate success of this case," in that the Board delayed implementation just as school term began. | 17 hours allowed. |
| 0.9 hours for transcript request. | 0.6 hours: discussed need for the transcript if judicial enforcement of hearing officer's opinion became necessary. | 0.6 hours allowed. |

11

| | | |
|---|---|---|
| 4.5 hours preparing for Individual Education Plan (IEP) meeting. | 4.5 hours: IEP meeting convened as a result of hearing. | 4.5 hours allowed. §1415(i)(3)(D)(ii) expressly allows attorney's fees for such IEP meetings. |

The Court finds that 12 hours billed by Mauk and one hour billed by O'Connor were excessive and unreasonable, as indicated in the table. Having reviewed the work performed and plaintiffs' justification for that work, the Court finds that the remaining time claimed by plaintiffs was reasonably and necessarily expended. Accordingly, plaintiffs are entitled to 30.6 hours at $230 per hour ($7,038), and 54.85 hours at $80 per hour ($4,388). Combined with the uncontested $65 in costs, plaintiffs are entitled to a total of $11,491.00.

## CONCLUSION

Defendant's motion for summary judgment [5-1] is granted in part and denied in part. Plaintiff's motion for summary judgment [4-1] is granted in part and denied in part. The Clerk is directed to enter judgment for the plaintiffs in the amount of $11,491.00. The Court will address plaintiffs' request for attorney's fees for the prosecution of this action in the manner prescribed by Local Rule 54.3.

Dated: February 5, 2001

MATTHEW F. KENNELLY
United States District Judge